UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TUAN VAN CHAU,

Petitioner,

v. Case No. 3:26-cv-1823-MMH-SJH

SHERIFF SCOTTY RHODEN, et al.,

Respondents.

---

**ORDER**

**I. Status**

Petitioner Tuan Van Chau, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on July 16, 2026. Respondents filed a Response (Doc. 6) with exhibits (Docs. 6-1 through 6-6). Chau replied (Doc. 7). This matter is ripe for review.

**II. Background**

Chau, a citizen of Vietnam, entered the United States on April 11, 1991. Doc. 1 at 13. On September 14, 2001, Chau was convicted of bank larceny and sentenced to sixteen months in prison. Doc. 6-2 at 1–2. On April 19, 2002, an immigration judge ordered Chau removed to Vietnam; Chau did not pursue an appeal. Doc. 6-3 at 1–2. On August 20, 2002, the Department of Homeland Security released Chau on an Order of Supervision (OSUP). Doc. 6-1 at 2.

United States Immigration and Customs Enforcement (ICE) revoked Chau's OSUP and detained him on January 13, 2026. Id.; see also Doc. 6-5 at 1. Six months later, subsequent to the filing of the Petition, on July 31, 2026, a deportation officer authored a declaration explaining ICE's position with respect to Chau's likelihood of removal:

> ICE intends to remove [ ] [Chau] to his country of origin, Vietnam.
>
> The field office will prepare the travel document request and forward it to the Removal Management Division (RMD) to process the request. The RMD desk office will forward the request to the ERO [(Enforcement and Removal Operations)] Attache for processing in country.
>
> On July 08, 2026, [ ] [Chau's] travel document request was submitted to the ERO Attache in Hanoi, Vietnam for processing.
>
> The government of Vietnam has 30 days to issue a travel document from the time they received the request from the ERO Attache.
>
> There is a Significant Likelihood of Removal in the Reasonably Foreseeable Future (SLRFF). In FY24, we removed 58 Vietnamese nationals. In FY25, we removed 699 Vietnamese nationals. In FY26YTD, we have removed 1,190 Vietnam nationals.
>
> ICE averages about one flight a month to Vietnam. Our next charter is tentatively scheduled to take place within the next 30 days.

Doc. 6-4 at 2–3 (enumeration omitted).

## III. Analysis

In his Petition, Chau argues, inter alia, that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained beyond the presumptively reasonable removal period and there is no significant likelihood of removal in the reasonably foreseeable future. Doc. 1 at 42–45. Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1] ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

within a reasonable time. Id. at 701. The government may detain an alien beyond the statutory removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a

significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Here, there is no dispute that when Chau filed this case, he had been in ICE custody for over six months following his order of removal. See Doc. 6 at 5 ("Federal Respondent's [sic] acknowledge that Chau has been detained beyond the six-month presumptively reasonable period."). Therefore, the Court proceeds with Zadvydas's burden-shifting analysis. Chau has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. For approximately twenty-four years, ICE has neither removed Chau, nor obtained a Vietnamese travel document for him. And, as Chau asserts, he entered the United States on April 11, 1991, more than four years before July 12, 1995, the operative date under the bilateral repatriation framework governing removals of Vietnamese nationals. Doc. 1 at 18. As such, compulsory repatriation is not required in his case. Id. Thus, the burden shifts to Respondents.

The deportation officer asserts that there is a significant likelihood of removal in the reasonably foreseeable future because the ERO Attache received the travel document request to submit to the Vietnamese government. Doc. 6-4 at 2. However, it is unclear whether the ERO Attache has submitted the request to the Vietnamese government, which then has thirty days to issue

the document, and, if not, when the ERO Attache plans to do so. Further, Respondents generally describe a change in the United States's diplomatic relationship with Vietnam, pointing to an increase in removal flights. But Respondents provide no evidence suggesting that this change will affect Chau's prospects for removal, especially given the fact that his entry into the United States predates the repatriation framework.

In sum, the Court finds that Respondents have not submitted evidence sufficient to rebut Chau's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Moreover, Respondents do not contend that Chau is a risk to the community or unlikely to comply with the order of removal. Therefore, Chau is entitled to release from detention under Zadvydas.

Because the Court will grant the Petition on the basis of Chau's Zadvydas claim, it need not, and does not, address Chau's remaining claims. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); see, e.g., Pena-Gil v. Lyons, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025) ("Because the Court will grant

petitioner's petition on the basis of his Zadvydas claims, . . . it need not reach petitioner's remaining claims that contest petitioner's detention.").

Accordingly, it is **ORDERED**:

1. Chau's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his Zadvydas claim. Respondents shall release Chau **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected. Chau shall be subject to his preexisting OSUP.

2. The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/20
c: Counsel of record